# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**KELCEY FRANCIS WOLFE,**
**Claimant Below, Petitioner**

**vs.)  No. 11-1262** (BOR Appeal No. 2045764)
          (Claim No. 2009070889)

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kelcey Francis Wolfe, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company, by Gary W. Nickerson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 12, 2011, in which the Board affirmed a February 15, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed two claims administrator's orders from April 23, 2010. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In this case, Mr. Wolfe was employed as a long-wall mining mechanic by Consolidation Coal Company. On November 10, 2008, Mr. Wolfe was pulling a come-a-long that broke loose and caused him to fall, injuring his back and right hip area. Mr. Wolfe continued to work several more days without seeking medical treatment. On November 16, 2008, Mr. Wolfe sought medical treatment at Monongalia General Hospital. At that time, Mr. Wolfe reported the accident that occurred on November 10, 2008, and stated that when he rolled over in bed that morning he

1

had felt a pop and was now in severe pain. The impression was lumbar radiculopathy and multilevel mild degenerative facet arthropathy. On April 28, 2010, the Board of Review held Mr. Wolfe's claim compensable for strain/sprain of the lumbar and authorized DexPak and methocarbamol.

On April 23, 2010, the claims administrator issued an order closing Mr. Wolfe's claim for temporary total disability benefits. Mr. Wolfe appealed that decision arguing that his inability to work from November 16, 2008, until March 16, 2009, was due to the normal consequences that flowed from his compensable lumbar strain injury.

The Office of Judges found that Mr. Wolfe had not met his burden of proof to show that he missed work due to his compensable injury. The Office of Judges found that Mr. Wolfe missed work due to a herniated disc and then for surgery on that herniated disc. The Office of Judges noted that Mr. Wolfe's claim was held compensable only for lumbar sprain. The herniated disc has not been held compensable in this claim. The Board of Review affirmed the decision of the Office of Judges.

West Virginia Code §23-4-1c (2009) provides for the payment of temporary total disability benefits during the healing or recovery period after an injury. On April 28, 2010, Mr. Wolfe's claim was held compensable for lumbar strain/sprain. We believe that evidence of record demonstrates that the need for surgery is related to Mr. Wolfe's compensable injury. Mr. Wolfe missed work from November 16, 2008, until March 16, 2009, due to his injury. We find that because Mr. Wolfe was absent from work due to his compensable injury that he is entitled to temporary total disability benefits from November 16, 2008, until March 16, 2009.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded to grant temporary total disability benefits from November 16, 2008, through March 16, 2009.

Reverse and Remand.

**ISSUED: July 15, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING:**
Justice Robin J. Davis
Justice Allen H. Loughry II

Justice Loughry, dissenting:

In its notice dated March 24, 2010, the claims administrator found insufficient evidence to support temporary total disability benefits for the period of November 16, 2008, through March 16, 2009, as requested by Mr. Wolfe. The claims administrator allowed the claim to remain open for 45 days in order for the claimant to introduce additional evidence supporting the asserted period of disability. No additional evidence was ever submitted by Mr. Wolfe, and the claim was closed by the claims administrator on April 23, 2010. On appeal, the Office of Judges held that the claim was properly closed for temporary total disability benefits and stated that the evidence does not prove that the claimant was out of work for his lumbar sprain but rather due to a non-compensable condition. The claims administrator, Office of Judges, and Board of Review all correctly found that Mr. Wolfe failed to meet his burden of providing evidence to substantiate the continuation of temporary total disability benefits, as it relates to his compensable lumbar sprain injury. Therefore, I dissent.